IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, on Behalf of FLORENCE E. MASON, EX REL, | : : : : | |
| Petitioner, | : : | CIVIL ACTION NO. 14-5641 |
| v. | : : | |
| JOHN O'MARA, Police Officer, et al., | : : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                         December 30, 2015

Currently before the court is a petition for writ of habeas corpus filed by a *pro se* petitioner with criminal charges pending in the Court of Common Pleas of Philadelphia County. The petitioner has filed timely objections to a report and recommendation that recommends that the court dismiss the petition for the failure to exhaust applicable state remedies under 28 U.S.C. § 2254. As discussed below, the court will overrule the objections and adopt the report and recommendation insofar as it recommends that the court dismiss the petition because of the petitioner's failure to exhaust her state remedies; however, the court will modify and supplement the report and recommendation because the petition is properly dismissed for failure to exhaust under 28 U.S.C. § 2241.

### I.  BACKGROUND & PROCEDURAL HISTORY

The *pro se* petitioner, Florence Elizabeth Mason, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on October 1, 2014. Doc. No. 1. This initial filing consisted of, *inter alia*, a completed form "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" that is 15 pages long, an "Original Petition

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," which is 65 pages long and lists hundreds of respondents/defendants in the caption, and a "Petition in the Nature of a Demand for **Instant Hearing** In re: Restraint of Liberty by Aforementioned Defendants as Listed Herein." *See id.* (emphasis in original).

Although the precise nature of the petitioner's claims is somewhat muddied by the verbose, rambling, and repetitive nature of the allegations,[1] the claims generally relate to criminal charges currently pending in the Court of Common Pleas of Philadelphia County.[2] The charges include criminal trespass, harassment, and criminal mischief, and they were originally docketed with the Philadelphia County Municipal Court at MC-51-CR-44065-2011. It appears that the charges were held over for trial and transferred to the Court of Common Pleas of Philadelphia County in November 2011 and docketed at CP-51-CR-12471-2011.[3] It also appears that on October 31, 2014, this criminal matter was consolidated with another criminal case, docketed at CP-51-CR-4439-2014, for trial.[4] In further appears that on June 15, 2015, the Honorable Daniel J. Anders continued the trial in the consolidated matters until February 8, 2016, and Judge Anders reaffirmed this trial date on July 15, 2015. *See* Court of Common Pleas Docket Sheet, *Commonwealth of Pennsylvania v. Florence Mason*, No. CP-51-CR-12471-2014,

---

[1] Unfortunately, all of the petitioner's submissions are verbose, rambling, and repetitive. While the court is cognizant of the petitioner's *pro se* status and her strong beliefs concerning the validity of her case and the alleged wrongfulness of the respondents' actions, the verbose and rambling nature of the submissions works against her and renders review of her submissions significantly more difficult than necessary. Nonetheless, the court has scrutinized all of the submissions in attempting to ascertain the background of this case and the petitioner's claims for relief.

[2] The court compiled the background and procedural history of this case after reviewing the habeas petition (and documents attached thereto) and the criminal dockets referenced by the petitioner in the petition. The criminal dockets are available online at https://ujsportal.pacourts.us/DocketSheets/CP.aspx (last accessed on December 28, 2015).

[3] During the course of the proceedings, the Commonwealth changed the criminal information to reflect a charge of criminal mischief under 18 Pa. C.S. § 3304(a)(4) instead of a charge of criminal mischief under 18 Pa. C.S. § 3304(a)(2).

[4] The petitioner filed a separate habeas corpus petition relating to this other case. The habeas petition was docketed in this court at No. 2:14-cv-5640.

*available at*: https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-00012471-2011 (last accessed on December 28, 2015).

Regarding the substance of the petitioner's allegations, she appears to complain about virtually every aspect of her criminal prosecution, including, *inter alia*: (1) the lawfulness of her arrest(s) and the actions by the police during the arrest(s); (2) the length of time it has taken her case to get resolved; (3) conflicts of interest with her court-appointed attorneys; (4) ineffective assistance of counsel by her court-appointed attorneys; (5) state officials (including prison officials) intentionally and maliciously preventing her from filing documents with the court; (6) all government officers in the clerk of court's office and the state court conspiring to impede her rights of redress and access to the court; (7) individuals from the clerk of court's office impersonating judges and forging signatures on court documents; (8) the imposition of excessive bail without properly informing her of the charges against her or rendering a finding of probable cause to incarcerate her, and (9) an invalid bench warrant for her arrest. *See* Doc. No. 1. Based on these alleged violations, the petitioner seeks numerous forms of relief, including the dismissal of all charges against her.[5] *Id.*

On October 6, 2014, the petitioner filed an application to proceed *in forma pauperis*. Doc. No. 4. Because the petitioner failed to file a certified application, the court entered an order on October 17, 2014, which required her to either (1) remit the $5.00 filing fee, or (2) submit a completed application. *See* Doc. No. 2.

---

[5] In the 65-page-long "original" habeas petition (purportedly under section 2241), the petitioner initially attempts to raise certain claims through a series of questions. For example, for her fourth question, the petitioner asks: "Is it not a [w]aiver of any and all presumed immunities of the Court/Government when a flesh and blood man or woman state claims that his or her rights, liberties, & property has been subjected to **WRONG FULL [sic] LEVY/OR FORFEITURES**?" Doc. No. 1-1 at 16 (emphasis in original). Recognizing that it appears that this particular petition was meant for review by the state court, it attacks many aspects of the state-court proceedings and the court's various rulings in her cases. This court, to the extent possible, has considered those arguments in analyzing this case.

The petitioner filed a motion to "correct the records due to clerical mistake of the office of the clerks' pursuant to Fed. R. Civ. P. 12(b)(1) to properly add additional defendants whom are necessary parties to look into the unlawful restraints and unlawful restrictions upon plaintiffs[sic]/petitioner's liberties" on October 17, 2014.[6]  *See* Doc. No. 3.  On November 7, 2014, the court granted the petitioner's application to proceed *in forma pauperis* and referred this case to the Honorable Elizabeth T. Hey, United States Magistrate Judge, for a report and recommendation.  *See* Order, Doc. No. 5.  Magistrate Judge Hey then entered an order, which, *inter alia*, added the District Attorney of Philadelphia County as a party respondent.  *See* Order, Doc. No. 6.

The petitioner filed a purported notice of removal from her state court criminal action on November 14, 2014.[7]  *See* Doc. No. 7.  On December 18, 2014, the petitioner filed a series of exhibits in support of her petition.  *See* Doc. No. 11.  All of the exhibits relate to an underlying landlord and tenant action that originated in the Philadelphia Municipal Court that, as explained later in this opinion, appears to have formed the basis of the events leading to the criminal charges filed in this case.[8]

---

[6] In this "motion," the petitioner sought to have the court add a variety of "defendants," including, among others, judges and staff members of the Philadelphia Municipal Court and the Court of Common Pleas of Philadelphia County, various police officers of the 14th and 35th precincts of the City of Philadelphia Police Department, various individuals from the City of Philadelphia District Attorney's Office, including the District Attorney, and numerous additional individuals involved in the Philadelphia court system.  *See* Pl. Moves to Correct the Rs. Due to Clerical Mistake of the Office of the Clerks' Pursuant to Fed. R. Civ. P. 12(b)(1) to Properly Add Add'l Defs. Whom are Necessary Parties to Look into the Unlawful Restraints and Unlawful Restrictions upon Pls./Pet.'s Liberties at 8-17.  Although the court had not yet addressed this motion in this case, the court denied a similar motion in the petitioner's other habeas case on September 28, 2015.  *See* Order, *Mason v. Commonwealth of Pennsylvania*, No. 2:14-cv-5640, Doc. Nos. 24, 25.  The petitioner filed a "Demand for Reconsideration," in which she seeks reconsideration of the aforementioned order (even though no such order was entered in this case), on November 30, 2015.  Doc. No. 26.

[7] The petitioner appears to have filed this purported removal in response to a trial court order requiring her to submit to a mental health evaluation to determine her competency.  *See* Not. of Removal from State Ct. Crim. Div. Ct. of Common Pleas for Violation of Fed. Laws and Deprivation of Constitutional Rights of the Def. to Enact Malicious Prosecution and Failing to Reach the Ends of Justice Pursuant to Title 28 U.S.C. § 1445(a) & (b)(1) at ¶¶ 7, 8, 11, 17, Doc. No. 7.

[8] The underlying landlord and tenant action was docketed at No. LT-11-01-06-3627.  Many of the documents contain handwritten notations that appear to have been added by the petitioner.

The petitioner filed a submission titled "Evidence of Due Process Violations & Improper "1st" Proceedings & Faulty Bench Warrants Judicial Notice" on February 10, 2015.  Doc. No. 12.  This submission consists of a group of documents of which the petitioner claims the court should take judicial notice "so that this and any other courts can not [sic] continue with the unlawful restriction of this petitioner's liberties and further subjection to continued erroneous & malicious continue [sic] state hearings that is not intented [sic] to do justice but to intimidate, harass and injury [sic] by threat, duress & coercion of law."[9]  *See* Doc. No. 12.  On April 13, 2015, the petitioner also filed a demand to prevent court clerks from blocking her access to copies of docket reports.[10]  *See* Doc. No. 15.

On April 20, 2015, the petitioner filed a 287-page document titled "Judicial Notice that Cory M. Baritz Tainted and Perverted All Hearings by the Commonwealth."[11]  *See* Doc. No. 19.

---

[9] Some of the documents included in this 123-page submission are:  (1) an e-mail dated September 19, 2012, from Dionne Stanfield, Esquire, to the petitioner where it appears that Attorney Stanfield attempted to create a timeline about the events leading up to the petitioner's eviction and arrest; (2) a November 17, 2010 "Final Termination Notice[:] Annual Inspection 'Needs Repair'" sent to Vincent Mason, Sr.; (3) a "Notice to Owner of Termination of Housing Assistance Payments" dated October 19, 2010 and sent to "Svetlana Shliomovich;" (4) a December 1, 2010 notice from the Philadelphia Housing Authority to Vincent Mason, Sr.; (5) a February 16, 2011 "Unfit for Human Habitation Notice" apparently provided to the petitioner, along with copies of violation notices sent to "Shliomovich Svetlana;" (6) a "Summary of Frequently Cited Law for Landlord and Tenant Cases in Pennsylvania and Philadelphia County;" (7) a form that appears to be a private criminal complaint submitted by the petitioner against Robert H. Messerman, Esquire; (8) a complaint filed by the petitioner with the City of Philadelphia Police Advisory Commission; (9) a citizens' complaint/report continuation sheet; (10) a "demand to reinstate case to active docket status for the malpractices of assigned attorney(s) of the court and the defenders association" filed by the petitioner in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011 on March 12, 2013; (11) a motion to vacate or reduce bail judgment filed by the petitioner in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (12) a letter dated September 14, 2012 from the Disciplinary Board of the Supreme Court of Pennsylvania, Office of Disciplinary Counsel, to the plaintiff; (13) copies of the docket entries for *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (14) copies of a First Judicial District of Pennsylvania Secure Court Summary relating to the petitioner; (15) a bail bond for the petitioner in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (16) a copy of a bench warrant for the petitioner in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (17) a petition for writ of habeas corpus signed by the petitioner and captioned for *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (18) handwritten notices of appeal apparently drafted by the petitioner for *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; and (19) a copy of docket entries in another matter, *Commonwealth v. Mason*, No. MC-51-CR-1131401-2002.  Many of these documents have handwritten notations on them.

[10] To the extent that the petition was seeking a copy of the docket sheet for this matter without cost, the court granted the motion on July 14, 2015.  *See* Order, Doc. No. 25.

[11] Despite the title, this is another submission in which the petitioner attaches copies of documents that she believes the court should consider in this case.  It includes, *inter alia*: (1) another copy of her original petition for writ of habeas corpus; (2) a variety of documents, many of which the petitioner already submitted in this case, relating to the Landlord/Tenant Action; (3) documents filed in and relating to another criminal action in Philadelphia County,

5

On April 21, 2015, after receiving three previous extensions to respond to the habeas petition, the respondents filed a response to the habeas petition. Doc. No. 20. In the response, the respondents asserted that the court should dismiss the petition without prejudice because the petitioner had failed to exhaust her state remedies insofar as she was still awaiting trial in state court. Response to Pet. for Writ of Habeas Corpus at 1, Doc. No. 20. In addition, the respondents argued that the court should review the petition under 28 U.S.C. § 2241 and not 28 U.S.C. § 2254 because the petitioner had not yet been convicted. *Id.* at 3.

On June 10, 2015, the court entered an order (1) vacating the prior referral to Magistrate Judge Hey, and (2) referring the matter to the Honorable Carol Sandra Moore Wells, United States Magistrate Judge, for a report and recommendation. *See* Doc. No. 21. Chief Magistrate Judge Wells issued a report and recommendation on June 17, 2015. *See* Doc. No. 22. The petitioner timely filed objections to the report and recommendation on June 28, 2015. *See* Doc. No. 24.

---

*Commonwealth v. Mason*, No. MC-51-CR-1131401-2002, some of which the petitioner had previously submitted; (4) information on Cory M. Baritz, Esquire; (5) a motion to vacate or reduce bail judgment filed in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (6) a copy of the docket numbers for various criminal actions seemingly involving the petitioner; (7) a copy of the docket entries in *Commonwealth v. Mason*, No. CP-51-CR-12471-2011; (8) a copy of the docket entries in *Commonwealth v. Mason*, No. CP-51-CR-1131401-2002; (9) a letter dated September 14, 2012 from the Disciplinary Board of the Supreme Court of Pennsylvania, Office of Disciplinary Counsel, to the plaintiff; (10) other documents relating to *Commonwealth v. Mason*, No. CP-51-CR-12471-2011, some of which the petitioner had previously submitted; (11) a December 18, 2010 article by Lewis Gainor titled "Truth and Falsity in Prosecutions for 18 USC 1001;" (12) a certified mail form addressed to the petitioner; (13) a demand for official case records in *Commonwealth v. Mason*, No. CP-51-CR-1131401-2002 under the Freedom of Information Act; (14) an inmate grievance form submitted by the petitioner while in the Philadelphia Prison System; (15) a copy of the criminal information in *Commonwealth v. Mason*, No. CP-51-CR-4439-2014; (16) a printout of a list of civil cases involving Kenneth L. Baritz; (17) 2007 campaign finance information for "Joe O'Neill for Judge;" (18) a complaint filed in *Commonwealth of Pennsylvania v. Citizens Alliance for Better Neighborhoods, Inc., et al.*, No. 186 MD 2009, in the Commonwealth Court of Pennsylvania; (19) a copy of a petition for habeas corpus that appears to be a petition that the petitioner claims she submitted to the state court, but was never filed or acted upon in the matter of *Commonwealth v. Mason*, No. CP-51-CR-1131401-2002; (20) a copy of web article titled "Attorney General Corbett Announces Lawsuit Against Citizens Alliance;" and (21) a Philadelphia Inquirer article from June 18, 2006.

## II.     DISCUSSION

### A.     <u>Applicable Standard of Review</u>

When a petitioner files timely objections to a report and recommendation by the magistrate judge, the court conducts a *de novo* review of the portions of the report to which the petitioner objects. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge."); *see also Robinson v. Hicks*, 450 F. App'x 168, 172 (3d Cir. 2011) ("The District Court must conduct a de novo review of the portions of the R & R to which objections are made."). Despite this *de novo* review, the court may "rely upon the magistrate judge's proposed recommendation to the extent that [the court], in the exercise of sound discretion, deem proper." *Wallace v. Keen*, No. CIV. A. 3:12-cv-1366, 2012 WL 5197948, at *1 (M.D. Pa. Oct. 19, 2012) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980) and *Goney v. Clark,* 749 F.2d 5, 7 (3d Cir. 1984)). This court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

As indicated above, Chief Magistrate Judge Wells issued a report and recommendation on June 17, 2015. The petitioner timely filed objections on June 28, 2015. Because the petitioner filed timely objections, the court will review the report and recommendation *de novo*.[12]

### B.     <u>Analysis – Exhaustion of State Remedies</u>

---

[12] The petitioner briefly mentions in her objections that the court should consider the objections as having been timely filed because the clerk of court did not mail Judge Wells' May 5, 2015 report and recommendation to her until May 7, 2015, did not mail this court's May 14, 2015 order to her until May 15, 2015, and did not mail the June 10, 2015 order until June 17, 2015. Pet.'s Objection & Exception Against Magistrate Misrepresented Report Sent May 7th, 2015 and June 17th, 2015 Demand DeNovo [sic] Hr'g ("Pet.'s Objs.") at 9. These arguments appear to relate to the petitioner's other habeas petition, docketed at Civil Action No. 14-5640. As the petitioner timely filed objections in this case, her timeliness arguments are moot.

In the report and recommendation, Chief Magistrate Judge Wells indicates that the petitioner's first three claims in her habeas petition are "incomprehensible" and her fourth claim is an ineffective assistance of counsel claim against her former attorneys for impeding her ability to defend herself.  Report and Recommendation at 1 (citing Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 5, 6-8, 10), Doc. No. 22.  Chief Magistrate Judge Wells then indicated that the Commonwealth asserted that the petitioner had failed to exhaust her state remedies prior to filing the instant petition.  *Id.* at 2.  Chief Magistrate Judge Wells agreed with the Commonwealth and recommended that the court dismiss the petitioner because the petitioner failed to exhaust her state-court remedies under 28 U.S.C. § 2254 insofar as she had not been tried yet.  *Id.*  In addition, because the trial was then-scheduled to occur a month later, Chief Magistrate Judge Wells determined that it was appropriate to require exhaustion.  *Id.* at 2.

The petitioner's objections to Chief Magistrate Judge Wells' report and recommendation, while seemingly numerous and covering approximately 23 pages of text (excluding the caption, which is almost nine pages long), can be summarized as objections to the thoroughness and completeness of Chief Magistrate Judge Wells' recitation of the procedural history in this case, a recapitulation of some of the petitioner's grounds for asserting *habeas* relief, and claims that Chief Magistrate Judge Wells incorrectly concluded that she failed to exhaust her state-court remedies.  Pet.'s Objs. at 9-32.  As discussed below, none of these objections have merit.

Throughout the objections, the petitioner essentially complains that Chief Magistrate Judge Wells failed to completely set forth the facts of the case or otherwise fully review the evidence.  *See, e.g.*, *id.* at 10 ("Petitioner moves this Court to not adopt the Magistrate Carol Sandra Moore's Recommendation Report for its failure in completeness & true investigation of [sic] review of the evidence and the petition that is before this Court.").  It appears that the

8

petitioner has objected on this ground merely because Chief Magistrate Judge Wells did not recite the entire background of this case in the manner in which the petitioner would have liked and by doing so, Chief Magistrate Judge Wells purportedly attempted to distort the record to preclude her from obtaining relief.  Despite the petitioner's conclusory assertions to the contrary, there is no indication that Chief Magistrate Judge Wells did not fully review the entirety of the petitioner's submissions in this matter and the report and recommendation demonstrate that the judge reviewed the underlying state-court docket in this case.  In addition, Chief Magistrate Judge Wells properly limited her recitation of the background of this case to only those facts relating to a preliminary and fundamental issue in this case, namely whether the petitioner, who has yet to go to trial on her underlying criminal charges, has exhausted her state-court remedies. Therefore, the petitioner's objections to the "completeness" of the report are meritless.[13]

Concerning the fundamental issue in this petition, namely, whether the petitioner exhausted her state-court remedies, the petitioner disagrees with Chief Magistrate Judge Wells' conclusion that she failed to exhaust her state-court remedies.  *See, e.g.*, Pet.'s Objs. at 12, 19. The petitioner appears to object to this conclusion not by disagreeing that she has not yet gone to trial or that she has properly presented her claims to the trial court and to any state appellate courts; instead, she appears to argue that the respondents have thwarted her attempts to get relief in the state court by, *inter alia*, failing to act on her submissions (such as her previously-filed habeas petition) and not docketing or taking action on notices of appeal that she has filed.  *See id.* at 12, 13, 19, 26.

---

[13] As indicated above, the petitioner also accuses Chief Magistrate Judge Wells of "le[aving] out crucial information about the chronology of the case to give a false rendition/impression of the events to falsely influence the courts that no constitutional or statutory violations had occurred." Pet.'s Objs. at 14.  Once again, Chief Magistrate Judge Wells set forth those facts relevant to analyzing whether the petitioner had exhausted her state-court remedies. Additionally and importantly, this court has attempted to decipher the constitutional violations that the petitioner claims occurred in her state-court proceedings, but will not address those claims unless this habeas petition is properly before the court.  As explained throughout this opinion, if the petitioner has not exhausted her state remedies, the petition is not properly before this court.

Before addressing the merits of this argument, the court notes that Chief Magistrate Judge Wells analyzed the exhaustion issue under section 2254 and concluded that the petitioner failed to exhaust her state remedies.  Although the court recognizes that some courts have seemingly applied section 2254 to habeas petitions filed by pretrial detainees, 28 U.S.C. § 2241 is the appropriate statute for reviewing the instant petition.  In this regard, section 2254(a) states in pertinent part that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody ***pursuant to the judgment of a State court*** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  By its express language, section 2254 can only provide a district court with jurisdiction to hear a habeas petition if the petitioner is in custody "pursuant to the judgment of a State court."  *Id.*  Although this court could not locate a Third Circuit decision addressing this issue, other Circuit Courts of Appeals have concluded that section 2254 does not apply to pretrial detainees because they are not yet subject to the "judgment of a State court." *See Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) ("Section 2254 . . . by its own terms, does not apply to [the habeas corpus petition filed by a petitioner in custody pursuant to an indictment], and it would be error to apply § 2254 here.  We have long recognized that pretrial detainees pursue habeas relief instead under § 2241."); *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011) ("As a pretrial detainee . . . [this] habeas petition is governed by § 2241."); *Walck v. Edmonson*, 472 F.3d 1227, 1234-35 (10th Cir. 2007) (explaining that "our prior cases have established that the somewhat ambiguous term 'judgment of a State Court' within § 2254 refers only to conviction and sentence" and holding that "§ 2241 is the proper avenue by which to challenge pretrial detention, including when such challenges are based on double jeopardy grounds"); *see also Jacobs v. McCaughtry*, 251 F.3d 596, 596 (7th Cir. 2001) (per curiam) (indicating that petitioner's previously-filed habeas petition under section

2254 "is properly classified as a § 2241 petition because it was filed pretrial and not while he was in custody pursuant to judgment of a state court" (citations and internal quotation marks omitted)); *Conover v. Montemuro*, 477 F.2d 1073, 1080 (3d Cir. 1972) ("Until the state court proceeding produces a judgment of the state courts resulting in confinement, 28 U.S.C. § 2254(b) does not apply by its terms even to federal habeas corpus jurisdiction."). In addition, at least two district court judges in this district have reached the same conclusion. *See Whitney v. Pennsylvania*, No. CIV. A. 12-6241, 2014 WL 1041405, at *2 (E.D. Pa. Mar. 18, 2014) ("When judgment against a petitioner in state criminal proceedings has not yet been entered and a petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241, not 28 U.S.C. § 2254 because § 2254 requires that the petitioner be 'in custody pursuant to the *judgment* of a State court.'" (emphasis in original)); *Green v. Court of Common Pleas*, No. CIV. A. 08-1749, 2008 WL 2036828, at *6 (E.D. Pa. May 9, 2008) (concluding that "§ 2241 presents the appropriate statutory basis" for habeas petition filed by petitioner awaiting retrial).

Regarding petitions under section 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless[] . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[14]  28 U.S.C. § 2241(c)(3). Although section 2241 does not contain a statutory exhaustion requirement like section 2254, "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore v. DeYoung*, 515 F.2d 437, 442 (3d

---

[14] For purposes of this analysis, the court presumes that jurisdiction (excluding the exhaustion issue) lies in this case because the petitioner is "in custody" as required by section 2241(c)(3) insofar as she is free on bail pending final disposition of her case. *See United States ex rel. Russo v. Superior Ct. of N.J., Law Div., Passaic Cty.*, 483 F.3d 7, 12 (3d Cir. 1973) (concluding that petitioner could present double jeopardy violation claim in habeas petition even though he was released on bail awaiting retrial); *see also Bowser v. Farber*, No. CIV. A. 06-0357(SRC), 2006 WL 278913, at *1 (D.N.J. Feb. 2, 2006) ("A state defendant released on bail is 'in custody' within the meaning of § 2241."); *cf. Hensley v. Municipal Ct.*, 411 U.S. 345, 346, 351 (1973) (holding that a petitioner, who had been convicted but released on his own recognizance pending sentencing, was "in custody" "within the meaning of the federal habeas corpus statute"). *But see United States ex rel. Taylor v. Maguire*, 330 F. Supp. 1332, 1334 (E.D. Pa. 1971) ("We hence conclude that one who has been released on bail, without more, is not in custody for purposes of federal habeas corpus.").

Cir. 1975). Moreover, "although there is a distinction in the statutory language of [sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned."[15] *Id.* Accordingly, the petitioner must have exhausted her state-court remedies with respect to her claims before the court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

A petitioner must invoke "one complete round of the state's established appellate review process" to exhaust state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this regard, the petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam). Nonetheless, unless the petitioner demonstrates "extraordinary circumstances," federal courts should not issue writs of habeas corpus at the pretrial stage. *Moore*, 515 F.2d at 443.

With respect to the claims raised in this case, the court recognizes that the petitioner has asserted numerous issues with her underlying state-court criminal case as it has proceeded to this point in time. While understanding the precise procedural history of this case simply by reviewing the petitioner's submissions would be rendered somewhat difficult due to the verbose and repetitive nature of the petitioner's allegations and her references to inapplicable law throughout her various filings in this case, it appears that the origin of the case began with the petitioner's difficulties in a landlord-tenant matter involving her section 8 housing that manifested themselves in the Philadelphia Municipal Court Landlord Tenant Civil Division and

---

[15] Section 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A).

resulted in the petitioner and her family being evicted from their home. The petitioner has very strong assertions regarding her beliefs that the landlord-tenant proceedings were unfair or otherwise conducted improperly and in violation of her constitutional rights, and that individuals responsible for her family's eviction from their home did so violently, wrongfully, and in violation of her constitutional rights.

The landlord-tenant issues generally referenced above appear to have also resulted in the instant criminal charges against the petitioner. The petitioner raises numerous concerns about the underlying state court criminal proceedings, which include, *inter alia*: (1) claims against her court-appointed attorneys that generally amount to claims of ineffective assistance of counsel; (2) opposition to the court-ordered mental health evaluation for purposes of evaluating her competency; (3) her imprisonment (presumably before posting bail or while submitting to the mental health evaluation) without having been convicted; (4) previous, current, and future unfairness and tainting of proceedings by attorney Corey Baritz; (5) issues with the court not acting on her submissions (such as a notice of appeal or a petition for writ of habeas corpus) or the court system not receiving or docketing her submissions; (6) concerns with the number of court-appointed attorneys she has had and the length of time it has taken for her case to get to trial; (7) objections to the consolidation of her criminal cases; and (8) claims that she is actually innocent of all criminal charges. Unfortunately for the petitioner, despite her claims of constitutional violations, she has failed to exhaust these claims or provided exceptional circumstances to justify their review at this stage.

With regard to exhaustion, the petitioner has yet to raise most of the above-claims to any state court, much less present all of them to the state appellate courts.[16] In this regard, the

---

[16] Although the petitioner contends that she has been thwarted in her attempt to have some of the claims presented with the state court, the court notes that the petitioner's filing of purported documents does not require action by the

petitioner has not (and could not) raise ineffective assistance of counsel claims at this stage and it does not appear, despite the lengthy nature of her case thus far, that she (through her counsel) has raised a speedy trial violation under the United States Constitution (or even under Rule 600 of the Pennsylvania Rules of Criminal Procedure) or that the trial court has addressed any such claim. Additionally, the petitioner can still defend against the Commonwealth's charges in her trial upcoming in February 2016, and she can raise issues relating to the alleged improper consolidation of her criminal cases, speedy trial issues, and any unfairness or bias in her proceedings (presuming that she and her counsel properly present them to the trial court) in an appeal if a jury finds her guilty. Moreover, although the petitioner raises claims relating to the ordering of the mental health evaluation, her submission to said evaluation, and her being imprisoned without being convicted, none of those claims are appropriate for habeas relief as the mental health evaluation has already occurred and the petitioner is currently released on bail and, thus, not incarcerated.

Concerning a determination of "extraordinary circumstances," nothing in the petition presents such extraordinary circumstances to warrant excusing her failure to exhaust state remedies in this case. As indicated above, the court recognizes that the petitioner has strong beliefs in the wrongfulness of the charges against her, the alleged wrongful action and inaction by her court-appointed counsel, the requirement that she submit to a mental health evaluation, the overall fairness of the proceedings, and the court system's alleged inability or unwillingness to act upon her *pro se* filings, but none of these circumstances warrant this court exercising jurisdiction without having the petitioner first exhaust these claims through the state court

---

court if the petitioner is represented by counsel at the time of filing. In other words, the Commonwealth of Pennsylvania prohibits hybrid representation, *i.e.* self-representation together with counseled representation. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (explaining that *pro se* submission by a represented defendant constitutes a "legal nullity"); *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."). And, it appears that the petitioner was represented by court-appointed counsel at all stages of the proceedings.

system.[17] Furthermore, "[a]n alleged denial of [the petitioner's] constitutional right to a speedy trial is not an 'extraordinary circumstance' that requires federal intervention before the state trial and appellate courts have had an opportunity to consider that claim." *Parker v. Giorla*, No. CIV.

---

[17] As stated in *Moore*:

> [O]rdinarily the federal court should stay its hand on habeas pending completion of the state court proceedings. This qualification plainly stemmed from considerations of comity rather than power, and envisaged only the postponement, not the relinquishment, of federal habeas corpus jurisdiction, which had attached by reason of the allegedly unconstitutional detention and could not be ousted by what the state court might decide. As well stated in a later case:
>
>> '. . . While the Federal courts have the power and may discharge the accused in advance of his trial, if he is restrained of his liberty in violation of the Federal Constitution or laws, . . . the practice of exercising such power before the question has been raised or determined in the state court is one which ought not to be encouraged. The party charged waives no defect of jurisdiction by submitting to a trial of his case upon the merits, and we think that comity *443 demands that the state courts, under whose process he is held, and which are equally with the Federal courts charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance. Should such rights be denied, his remedy in the Federal court will remain unimpaired.' (*Cook v. Hart*, 146 U.S. 183, 194-195 (13 S.Ct. 40, 43-44, 36 L.Ed. 934) (1892) other citations in footnote omitted).
>
> These decisions fashioned a doctrine of abstention, whereby full play would be allowed the States in the administration of their criminal justice without prejudice to federal rights enwoven in the state proceedings. Thus the Court has frequently held that application for a writ of habeas corpus should have been denied "without prejudice to a renewal of the same after the accused had availed himself of such remedies as the laws of the State afforded . . .." *Minnesota v. Brundage*, 180 U.S. 499, 500-501 (21 S.Ct. 455, 456, 45 L.Ed. 639). *See also Ex parte Royall*, *supra* (17 U.S.) at 254 (6 S.Ct., at 741). With refinements, this doctrine requiring the exhaustion of state remedies is now codified in 28 U.S.C. s 2254. (footnote omitted) But its rationale has not changed: 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation . . .. Solution was found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' *Darr v. Burford*, 339 U.S. 200, 204 (70 S.Ct. 587, 590, 94 L.Ed. 761). The rule of exhaustion 'is not one defining power but one which relates to the appropriate exercise of power.' *Bowen v. Johnston*, 306 U.S. 19, 27 (59 S.Ct. 442, 446, 83 L.Ed. 455). *Cf. Stack v. Boyle*, 342 U.S. 1 (72 S.Ct. 1, 96 L.Ed. 3); *Frisbie v. Collins*, 342 U.S. 519 (72 S.Ct. 509, 96 L.Ed. 541); *Douglas v. Green*, 363 U.S. 192 (80 S.Ct. 1048, 4 L.Ed.2d 1142)."

372 U.S. at 418-20, 83 S.Ct. at 837.

515 F.2d at 442-43.

A. 12-5293, 2012 WL 6021139, at *2 (E.D. Pa. Nov. 2, 2012) (citing *Moore*, 515 F.2d at 446-47). As indicated above, there is also no indication that the petitioner has presented a federal constitutional right to a speedy trial claim to the Pennsylvania courts.[18] Accordingly, the petitioner has not met her burden to establish extraordinary circumstances to justify review of the claims in the petition prior to the petitioner exhausting them in state court.

### III.  CONCLUSION

The court agrees with Chief Magistrate Judge Wells that the petitioner has failed to exhaust her state remedies with respect to the issues raised in this case and the court will overrule the petitioner's objections. The court will adopt the part of the report recommending dismissal for failure to exhaust, but the court will modify the report insofar as the petition is properly subject to dismissal under section 2241, and not section 2254, for the petitioner's failure to exhaust and failure to demonstrate exceptional circumstances warranting review prior to exhaustion. Accordingly, the court will overrule the objections to the report and recommendation, modify the report and recommendation because dismissal in this case is proper for failure to exhaust under section 2241, and dismiss the petition without prejudice to refile once the petitioner has fully exhausted her state-court remedies.[19]

BY THE COURT:

/s/ *Edward G. Smith, J.*
EDWARD G. SMITH, J.

---

[18] In the response to the habeas petition, the respondents asserted that the "vast majority of the continuances in this case originated with the defense. In addition, this case has never fallen off the radar, but has been listed many times, with the state court endeavoring to get the case moving consistent with the defense's need for preparation." Response to Pet. for Writ of Habeas Corpus at 6, n. 5.

[19] In the report and recommendation, Chief Magistrate Judge Wells recommended that the court not issue a certificate of appealability. *See* Report and Recommendation at 3. Because this court is treating the petition as filed under section 2241, and not under section 2254, an appeal from this decision is not governed by the certificate of appealability requirement. *See United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), *abrogated on other grounds by Gonzalez v. Thaler*, 132 S. Ct. 641, 649 (2012). Accordingly, the court has not addressed this issue in this case.